Robert L. Jackson, Esq. (SBN 101770)
KELLY JACKSON & CHRISTIANSON, LLP
90 South E Street, Suite 300
Santa Rosa, California 95404
(707) 578-7160
(707) 578-7469/Facsimile

Attorneys for Defendant
Laura Edna Yamasaki

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Chapter 7 Case No. 10-11865 |
| LAURA EDNA YAMASAKI | |
| Debtor | |
| _____/ | |
| GARRETH SLEVIN and GINA OLIVEIRA, | Adversary Proceeding No. 10-01110 |
| Plaintiffs, | **DEFENDANT LAURA EDNA YAMASAKI'S ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | |
| LAURA EDNA YAMASAKI, | |
| Defendant. | |
| _____/ | |

Comes now Defendant Laura Edna Yamasaki ("Yamasaki ") in response to plaintiffs' complaint.

////

////

////

Page 1

Chapter 7 Case No. 10-01110  Defendant Laura Edna Yamasaki's Answer to First Amended Complaint
Case: 10-01110   Doc# 7   Filed: 11/29/10   Entered: 11/29/10 13:42:22   Page 1 of 6

**GENERAL RESPONSE TO PARAGRAPHS**

**1 through 17, Inclusive**

**JURISDICTION AND PARTIES**

1. In response to the allegations in Paragraph 1, defendant responds as follows: admit.

2. In response to the allegations in Paragraph 2, defendant admits that plaintiffs are creditors in the underlying Chapter 7 cased filed in the Northern District of California, Santa Rosa Division, but lacks sufficient information or knowledge on which to form a belief and therefore denies the balance of the allegations therein.

3. In response to Paragraph 3, defendant denies that she is a resident of Sonoma County, California, but admits the remaining allegations of paragraph 3.

**GENERAL ALLEGATIONS**

4. In response to the allegations in Paragraph 4, defendant admits that she purchased a house located at 801 Grosvenor Place in Oakland in September of 2007, but denies the balance of the allegations therein.

5. In response to the allegations in Paragraph 5, defendant admits that she renovated the kitchen and did remodeling in the House, but denies the balance of the allegations therein.

6. In response to the allegations in Paragraph 6, defendant admits that she knew of a water intrusion problem that she understood was properly remedied, but denies the balance of the allegations therein.

7. In response to the allegations in Paragraph 7, defendant admits that she consulted with three contractors regarding the downstairs water intrusion problem and admits that she had carpet installed on the downstair floor, but defendant denies the balance of the allegations therein.

8. In response to the allegations in Paragraph 8, defendant admits that she had work performed at the house, that contractors hired by her removed a wall , but she denies the balance of the allegations therein.

9. In response to the allegations in Paragraph 9, defendant admits that she sold the house to the plaintiffs for $1,187,000, but denies the balance of the allegations therein.

10. In response to the allegations in Paragraph 10, defendant admits that following the sale

Page 2

Chapter 7 Case No. 10-01110 Defendant Laura Edna Yamasaki's Answer to First Amended Complaint
Case: 10-01110   Doc# 7   Filed: 11/29/10   Entered: 11/29/10 13:42:22   Page 2 of 6

1 | she was advised by the plaintiffs of a leaking pipe and that her contractor repaired the pipe, but specifically denies she engaged in fraud or cover up and, as to the balance of the allegations in the paragraph, defendant lacks sufficient information or knowledge on which to form a belief and therefore denies said allegations.

11. In response to the allegations in Paragraph 11 defendant admits that she consulted with a contractor whom plaintiffs later contacted, but as to the balance of the allegations in the paragraph, defendant lacks sufficient information or knowledge on which to form a belief and therefore denies said allegations.

12. In response to the allegations in Paragraph 12, defendant denies the allegations therein.

13. In response to the allegations in Paragraph 13, defendant denies said allegations.

14. In response to the allegations in Paragraph 14, defendant admits that she represented in the written disclosure that she was not aware of repair estimates and that she was not aware of any alterations done without a permit or in violation of code; however, defendant denies the balance of the allegations therein.

15. In response to the allegations in Paragraph 15, defendant denies the allegations therein.

16. In response to the allegations in Paragraph 16, defendant lacks sufficient information or knowledge on which to form a belief and therefore denies said allegations.

17. In response to the allegations in Paragraph 17, defendant admits that plaintiffs pursued legal action against her, that the matter was to proceed to arbitration, and that defendant filed a petition for Chapter 7 Bankruptcy relief on or about May 17, 2010; however, defendant denies the balance of the allegations therein.

## FIRST CAUSE OF ACTION

Determination of Dischargeability

Obtaining Money by Fraud – 11 U.S.C. Sec. 523(a)(2)(A)

18. In response to the allegations in paragraph 18, defendant incorporates by reference as though fully set forth herein her responses to paragraphs 1 through 17.

19. In response to the allegations in paragraph 19, defendant denies the allegations therein.

20. In response to the allegations in paragraph 20, defendant denies the allegations therein.

KELLY JACKSON & CHRISTIANSON, LLP

Page 3

Chapter 7 Case No. 10-01110 Defendant Laura Edna Yamasaki's Answer to First Amended Complaint
Case: 10-01110 Doc# 7 Filed: 11/29/10 Entered: 11/29/10 13:42:22 Page 3 of 6

21. In response to the allegations in paragraph 21, defendant denies the allegations therein.

**AFFIRMATIVE DEFENSES**

AS AND FOR A SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action against this defendant.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that should plaintiffs recover damages against her, this answering defendant should be entitled to have the amount reduced or eliminated to the extent that plaintiffs' negligence and/or fault and the negligence and/or fault of the decedent, caused the damages herein.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that plaintiffs assumed the risk of the matters referred to in the complaint and that they knew and appreciated the nature of the risk, and that they voluntarily accepted the risk.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that the sole and/or partial proximate cause of the damages claimed was due to the negligence of other persons, firms or entities not specifically named in the complaint.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that should plaintiffs recover damages against defendant, this defendant should be entitled to have the amount reduced or eliminated the extent that plaintiffs failed take reasonable steps to mitigate those damages.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that she did not make representations to the plaintiffs she knew to be false, did not make representations to the plaintiffs with the intent to deceive them, and that plaintiff did not act in justifiable reliance on the representations of the defendants, but read and understood, and made a conscious decision to forego further investigation with regard to,

KELLY JACKSON &
CHRISTIANSON, LLP

Page 4

Chapter 7 Case No. 10-01110   Defendant Laura Edna Yamasaki's Answer to First Amended Complaint
Case: 10-01110   Doc# 7   Filed: 11/29/10   Entered: 11/29/10 13:42:22   Page 4 of 6

disclosures in the defendant's disclosure statement, the defendant's agents supplemental disclosure statement, and inspection reports provided to the plaintiffs, and elected against the advise of their own consultants to undertake their own inspections.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that plaintiffs, having read and understood disclosures in statements and inspection reports provided to plaintiffs, removed all contingencies and purchased the property in an "AS IS" condition and further agreed to hold defendants harmless from the cost of all repairs for any defects or damage to the property and to assume the expense of any such repairs as their own obligation and responsibility without recourse to defendants.

WHEREFORE, Laura Edna Yamasaki prays as follows:

1. That plaintiffs take nothing by reason of said complaint.
2. That the plaintiff's prayer for a court declaration the judgment entered by it is nondischargeable under 11 U.S. C. §§523(a)(2)(A) and 523(a)(4) be denied and any debt owed to plaintiffs be reaffirmed as dischargeable, and
3. That this answering defendant be awarded reasonable attorney's fees, costs of suit and such other and further relief as the Court deems just.

Dated: November 29, 2010        KELLY JACKSON & CHRISTIANSON, LLP


By  /s/
    Robert L. Jackson
    Attorneys for Defendant
    Laura Edna Yamasaki

KELLY JACKSON &
CHRISTIANSON, LLP

Case No. 10-01110                                       U.S. Bankruptcy Court - Northern District

<u>PROOF OF SERVICE BY MAIL</u>
[FRCivP 5(b)]

  I am employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 90 South E Street, Suite 300, Santa Rosa, California 95404. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service, such correspondence would be deposited with the United States Postal Service that same day in the ordinary court of business.

  On the date of execution of this declaration, I served the attached:

**DEFENDANT LAURA EDNA YAMASAKI'S ANSWER TO FIRST AMENDED COMPLAINT**

on the interested parties in said cause, addressed as follows:

| | |
|---|---|
| David P. Gardner<br>Law Offices of David P. Gardner<br>755 Baywood Drive, 2nd Floor<br>Petaluma, CA 94954-5510 | Attorney for Plaintiffs Garreth Slevin and Gina Oliveira<br>(707) 658-4460<br>(707) 658-4401 Fax |

 <u>X</u> (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid, on the date of execution of this declaration, with our office outgoing mail following ordinary business practices.

 <u> </u> (BY OVERNIGHT DELIVERY) I placed each such document in an envelope or package designated by the express service carrier with delivery fees fully paid, on the date of execution of this declaration to the address above.

 <u> </u> (BY FACSIMILE) I caused the said document to be transmitted by Facsimile machine to the number indicated above.

 <u> </u> (By ELECTRONIC TRANSMISSION) I caused each such document to be transmitted electronically to the email address indicated above. The transmission was reported as complete and without error.

  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that this declaration was executed on November 29, 2010, at Santa Rosa, California.

            /s/
            Linda Moldrem

KELLY JACKSON &
CHRISTIANSON, LLP

Page 6

Chapter 7 Case No. 10-01110  Defendant Laura Edna Yamasaki's Answer to First Amended Complaint
Case: 10-01110   Doc# 7   Filed: 11/29/10   Entered: 11/29/10 13:42:22   Page 6 of 6